STATE SAVINGS BANK *et al.*, Respondents, v. JUSTUS C. GREGG, Appellant.

### Kansas City Court of Appeals, November 9, 1896.

**Deeds:** INSTRUCTION: WARRANTY: TAXES. A warranty deed is nothing more than a deed containing a covenant of warranty and does not necessarily contain a covenant against tax liens, and a court can not determine that it does contain such covenant unless the deed is before it.

*Appeal from the Buchanan Circuit Court.*—HON. A. M. WOODSON, Judge.

REVERSED AND REMANDED.

*H. K. White* for appellant.

(1) No recovery can be had in this case upon the deed and defeasance contract of August 17, 1888. *First.* None can be had upon any supposed covenant against incumbrances in said deed about which covenant the agreed statement of facts is silent. *Buren v. Hubble*, 54 Mo. App. 647. *Second.* No recovery can be had upon the covenant of warranty in said deed, the only covenant contained in the deed so far as disclosed by the statement of facts. *Koenig v. Branson*, 73 Mo. 634. *Third.* Nor can any recovery be had upon the contract of defendant contained in the defeasance, because no taxes were payable or ascertainable at the time of the conveyance of the equity of redemption March 30, 1891, and on that date the agreement of August, 1888, came to an end. 1 Jones on Mortgages, sec. 77; *Fargo v. Valle*, 1 Mo. App. 344; *Waterman v. Harkness*, 2 Mo. App. 494; *Dean v. Fallon*, 3 Mo. App. 596; *Hitchcock v. Merrick*, 18 Wis. 375. (2) There

can be no recovery under the agreement of March 30, 1891, because there was at that time no reexecution of the deed of August, 1888, and the conveyance of the equity of redemption made on the last mentioned date was by quitclaim without covenants. 1 Jones on Mortgages, sec. 340; 1 Jones on Law Real Property, sec. 833; *Ferguson v. Dent*, 8 Mo. 667; *Peugh v. Davis*, 96 U. S. 322.

*Casteel & Haynes* for respondents.

(1) Now that the assessments were made while the original contract was in force and that appellant refused to pay them, as he agreed to do, and it being admitted that such taxes were a lien on the property and that respondents paid them, the judgment of the trial court is right, notwithstanding the date of levy of taxes was in April, 1891, as it was the duty of appellant to pay them when due, as they became a lien from date of assessment, and he owned the property at that time. *Blossom v. Van Court*, 34 Mo. 390; *McLaren v. Sheble*, 45 Mo. 130; *Elliot v. Gantt*, 64 Mo. App. 248. (2) The appellant contends that by the terms of the last instrument the first one is made "a quitclaim without covenants." It is true that it uses the terms "release, remise, and quitclaim" but this can not affect the solemn declaration of Gregg that it is a "warranty deed and shall continue to be one," and that the premises are free of incumbrances. And, again, it is admitted in the agreed statement that the original instrument is in form a warranty deed and contains a covenant to pay all taxes, etc. *Altringa v. Copeheart*, 68 Mo. 441.

SMITH, P. J.—This is a controversy that was submitted to the circuit court, without action, under the provisions of section 2233, Revised Statutes.

It appears from the agreed statement of facts that defendant, on August 17, 1888, by warranty deed, for the consideration of $20,000, conveyed to Ernest Lindsey, for the use of the said plaintiff Savings Bank, certain real property in the city of St. Joseph. At the time of the execution of said warranty deed, the plaintiff bank and defendant entered into an agreement in writing, by which it was provided, *first*, that said deed, though absolute in form, was, in fact, a mortgage only, to secure said sum of $20,000; *second*, that if said indebtedness was not paid at the end of one year, that plaintiff might foreclose said mortgage, etc. It further appears that afterward, on the thirtieth of March, 1891, the defendant and wife executed and delivered to said Ernest Lindsey, a certain written instrument, which recited that for a valuable consideration the said defendant and wife thereby agreed "that the warranty deed referred to in the foregoing instrument," etc., "shall hereafter be and continue to be an absolute, unconditional warranty deed to said Ernest Lindsey, for said lots, and we hereby release, remise, and forever quitclaim to said Ernest Lindsey all our right, title and interest in and to said lots, which are free from any and all incumbrances of every kind and description." It further appears that on December 30, 1891, plaintiff, through said Lindsey, paid the county collector the amount of the state and county taxes on said real property for the year 1891, which were a lien thereon and which defendant had neglected to pay. It further appears that the plaintiff, by said Lindsey, further paid the city taxes on said real property for the year 1891, which were likewise a lien thereon.

It appears further from the said agreed statement of facts that the plaintiffs claim that under and by virtue of the agreement made by the said Gregg and his wife,

on the thirtieth day of March, 1891, as hereinbefore set out, whereby they did, for a valuable consideration, agree that the warranty deed referred to in the contract, as hereinbefore set out, of date August 17, 1888, should thereafter be and continue to be an absolute unconditioned warranty deed, that said Gregg did covenant and warrant that the property conveyed in said deed was free of any and all incumbrances of every kind and description.    Plaintiffs claim that at the date of said covenant of warranty of said Gregg, to wit, on the thirtieth day of March, 1891, all the taxes paid as aforesaid by the plaintiffs to the said Hull and Crowthers, were assessed against said property prior to March 30, 1891, and were a lien thereon for taxes for the year 1891, and the plaintiffs having paid the same as aforesaid, for the purposes aforesaid, they are entitled, by virtue of the covenants of warranty made to them by the said Gregg, at the time said deed was made an absolute unconditioned warranty deed, to recover of the defendant the amount of taxes so paid by them, with interest on same from the time of payment at the rate of six per cent per annum.    And defendant claims that under the premises he is not, for any reason, legally bound to pay plaintiffs, or either of them, any sum whatever.

Upon substantially this statement of facts agreed, the circuit court gave judgment for plaintiff, from which defendant has appealed.

The question involved in the case is: "Does the statement of facts taken with all the inferences which the circuit court might have fairly deduced therefrom justify the judgment?" It is recited in the agreed statement of facts that the defendant executed and delivered to Lindsey a warranty deed, but that deed is neither set out in *haec verba*, nor in substance.   How can any court say that the omission of defendant to pay

the taxes mentioned in the agreed statement of facts constituted a breach of any covenant in the deed? What covenants does the deed contain?

A warranty deed is nothing more than a deed containing a covenant of warranty. Kinney's Law Dictionary, 698. Warranties may be general or special, express or implied. Anderson's Law Dictionary, 1105. It does not appear from said agreed statement whether or not said deed contains the words "grant, bargain, and sell." It may be a warranty deed and yet contain no covenant on the part of the defendant that at the time of its execution, or of that of the written instrument of March 30, 1891, the said real property was free of liens for taxes. If it contains a covenant only that the defendant was, at the time of the execution thereof, seized of an indefeasible estate in fee simple in the said real property, it would be a warranty deed, but no such covenant could be construed to be a covenant that said real estate was free from tax liens. As a warranty deed may contain one or more covenants without containing a covenant against tax liens, we can not infer that the deed referred to in the agreed statement, though a warranty deed, contains a covenant against taxes or tax liens. There is no rule of law to which our attention has been called which authorizes us to infer from the terms "warranty deed" that a deed of that description necessarily contains a covenant against tax liens, or, indeed, that it contains any other specific covenant. Now, assuming that the warranty deed and the written agreement in the nature of a defeasance constituted a mortgage, and that the effect of the execution and delivery of the written instrument of March 30, 1891, was to abrogate said defeasance so that said warranty deed "shall hereafter be and continue to be an absolute, unconditional warranty deed," still we can not, from this assumption, however well founded it may be,

infer that said warranty deed contains a covenant against tax liens of any kind. There is nothing in the agreed statement of facts showing that said warranty deed contains an express covenant on the part of defendant that at the time of the execution thereof said real property was free of tax liens, nor is there anything therein from which said covenant can be inferred by us.

Unless the covenants of said warranty deed were before us, it is utterly impossible to construe the same or to determine whether the nonpayment of said taxes by defendant constituted a breach thereof by him, for which he is liable in substantial damages to plaintiff. It inevitably follows from these considerations that the query propounded at the outset must be answered in the negative.

The judgment will be reversed and the cause remanded. All concur.